UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUANN HOLMES,

      Plaintiff,

v.                               CASE NO. 8:15-cv-2115-T-23JSS

SAFECO INSURANCE COMPANY
OF ILLINOIS, et al.,

      Defendants.
_____/

**ORDER**

     Luann Holmes moves (Doc. 20) to strike Safeco Insurance Company's "second through seventh affirmative defenses."  Under Rule 12(f), Federal Rules of Civil Procedure, "[t]he court may strike from a pleading an insufficient defense."  But "numerous judicial decisions make it clear that motions under Rule 12(f) are viewed with disfavor . . . and are infrequently granted."  Wright & Miller, *Federal Practice and Procedure*, Vol. 5C, § 1380 (3d ed. 2015).

     Citing Rule 8(a) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553 (2007), Holmes argues that each of the six challenged affirmative defenses fails "to provide [Holmes] with proper notice" because Safeco "fails to allege any sufficient facts in support of [the] affirmative defenses."  (Doc. 20 at 3, 7)  Rule 8(a) addresses claims for relief and states, "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  In

contrast, Rule 8(c) addresses affirmative defenses and "requires only that a party 'affirmatively state' any avoidance or affirmative defense." *Moore's Federal Practice*, Vol. 2, § 8.08[1] (3d ed. 2015).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, "courts are in disagreement as to whether the [fact-pleading] standard articulated in . . . *Twombly* and *Iqbal* . . . extends to the pleading of affirmative defenses."[*] Wright & Miller, *Federal Practice and Procedure*, Vol. 5, § 1274 (3d ed. 2015). *R. Craig Hemphill & Associates*, 2014 WL 2527162, at *2, discusses the disagreement:

> Courts refusing to extend the *Iqbal–Twombly* standard to affirmative defenses typically do so for two reasons. First, the text of Rule 8 does not support the extension. Whereas its pleading provision uses, "showing," its response and affirmative-defense provisions use, "state," and *Iqbal*'s and *Twombly*'s analyses relied on "showing." Second, the 21-day response period is insufficient time to gather information necessary to include supporting factual allegations.
>
> . . . Persuaded by [this] approach and its fidelity to both the rule that a court must give effect to a law that has plain and unambiguous meaning, *see United States v. Silva*, 443 F.3d 795, 797–798 (11th Cir. 2006), and the longstanding adversity to striking an affirmative defense unless it does not have any possible connection to the controversy and might prejudice a party if it remains (an adversity left untouched by

---

[*] After *Twombly* and *Iqbal*, "district courts in this and other circuits are split on whether that more stringent pleading standard extends to affirmative defenses. No circuit court has addressed the issue." *Moore v. R. Craig Hemphill & Associates*, 2014 WL 2527162, at *2 (M.D. Fla. May 6, 2014) (Barksdale, Mag. J).

> *Iqbal* and *Twombly*), the Court applies that approach here and declines to strike the defendants' defense paragraphs on the ground that they do not include supporting factual allegations.

(internal citation omitted).

Neither *Iqbal* nor *Twombly* imposes an incremental burden of specificity on the pleading of an affirmative defense. A review of the six challenged affirmative defenses reveals that each notifies Holmes of the nature of the defense asserted, which satisfies the requirement of Rule 8(c).

Holmes's motion (Doc. 20) to strike is **DENIED**. *See* Wright & Miller, Vol. 5, § 1274 ("[A]n affirmative defense may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives the plaintiff fair notice of the nature of the defense.").

ORDERED in Tampa, Florida, on February 2, 2016.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE